UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


CHRISTOPHER JOHN DERTING,

                    Petitioner,

vs.                                    Case No. 3:17-cv-1315-J-39MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____


**ORDER**

**I.  INTRODUCTION**

    Petitioner, Christopher John Derting, proceeding pro se,

challenges his state court (Duval County) conviction for sale or

delivery of cocaine through an Amended Petition (Petition) (Doc.

11) pursuant to 28 U.S.C. § 2254.  He raises seven grounds for

post-conviction relief.  Respondents, in their Answer to Amended

Petition for Writ of Habeas Corpus (Response) (Doc. 25), submit

that the claims are either procedurally defaulted or are without

merit.[1]  Response at 57.  Respondents ask this Court to deny the

_____

[1] The Court will hereinafter refer to the exhibits in the Appendix
(Doc. 25) as "Ex."  The page numbers referenced in this opinion
are the Bates stamp numbers at the bottom of the page of each
exhibit or the page number on the particular document, depending
on the ease of reference.

Petition.  Id.  Petitioner filed a Reply to Secretary's Answer to
Amended Petition for Habeas Corpus (Reply) (Doc. 37).

## II.  EVIDENTIARY HEARING

Petitioner has failed to establish the need for an evidentiary
hearing, and it is his burden.  Jones v. Sec'y, Fla. Dep't of
Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted),
cert. denied, 137 S. Ct. 2245 (2017).  See Chavez v. Sec'y, Fla.
Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a
petitioner bears the burden of establishing the need for an
evidentiary hearing with more than speculative and inconcrete
claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v.
Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).  A
petitioner must make a specific factual proffer or proffer evidence
that, if true, would provide entitlement to relief.  Jones, 834
F.3d at 1319 (citations omitted).  Conclusory allegations will not
suffice.  Id.

In this case, the pertinent facts are fully developed in this
record or the record otherwise precludes habeas relief;[2] therefore,
the Court can "adequately assess [Petitioner's] claim[s] without
further factual development," Turner v. Crosby, 339 F.3d 1247,
1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

---

2 Petitioner received an evidentiary hearing on one ground of his
post-conviction Rule 3.850 motion.

Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief. Thus, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III. THE PETITION

The Petition is timely filed. Response at 5-6. Petitioner acknowledges he presents this Court with a mixed petition, but he asks that he be excused from exhausting ground six pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), because, he contends, in Florida there is no right to counsel in a post-conviction proceeding. Petition at 15.

### IV. HABEAS REVIEW

Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This Court recognizes its authority to award habeas corpus relief to state prisoners "is limited-by both statute and Supreme Court precedent." Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1330 (11th Cir. 2019). The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and limits a federal court's authority to award habeas relief. See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn

the judgments of state courts in criminal cases"). Thus, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019), petition for cert. filed, (U.S. Dec. 9, 2019) (No. 19-6918).

In Knight, the Eleventh Circuit explained:

> A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams [v. Taylor, 529 U.S. 362 (2000)] at 413, 120 S. Ct. 1495. A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'" Virginia v. LeBlanc, --- U.S. ----, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017)(quoting Woods v. Donald, --- U.S. ---, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015)); see also Bell

v. <u>Cone</u>, 535 U.S. 685, 694, 122 S. Ct. 1843,
152 L.Ed.2d 914 (2002) (explaining that "an
unreasonable application is different from an
incorrect one.").

<u>Knight</u>, 936 F.3d at 1330-31.

To obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent, not dicta. <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. <u>Meders v. Warden, Ga. Diagnostic Prison</u>, 911 F.3d 1335, 1351 (11th Cir.), <u>cert. denied</u>, 140 S. Ct. 394 (2019). Unless the petitioner shows the state-court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. <u>Burt v. Titlow</u>, 571 U.S. 12, 19-20 (2013).

The reviewing federal court must accept that a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. <u>Brannan v. GDCP Warden</u>, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), <u>cert. denied</u>, 573

5

U.S. 906 (2014). Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Application of the AEDPA standard ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted). Consequently, state-court judgments will not easily be set aside due to the applicability of the highly deferential AEDPA standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although this high standard does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id.

## V. EXHAUSTION AND PROCEDURAL DEFAULT

The doctrine of procedural default requires the following:

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747-748, 111 S. Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. ----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See Coleman</u>, 501 U.S., at 750, 111 S. Ct. 2546.

<u>Martinez</u>, 566 U.S. at 9-10.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A procedural default arises "when 'the

petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999). If cause is established, a petitioner must demonstrate prejudice. To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995). The

gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent. <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert. denied</u>, 569 U.S. 1004 (2013).

## VI.   GROUNDS FOR RELIEF

### A.   Ground One

In ground one, Petitioner raises a claim of ineffective assistance of counsel for failure to file a motion to suppress Petitioner's custodial statements in violation of the Fifth, Sixth, and Fourteenth Amendments, relying on <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Petition at 5. He exhausted this claim by raising it in ground one of the Second Amended Motion for Postconviction Relief-3.850 (Rule 3.850 motion). Ex. C1 at 48-53.

The trial court, in addressing the post-conviction motion, set forth the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard. Ex. C1, Order Denying Defendant's Motions for Postconviction Relief (Order) at 1-2. In order to prevail on this claim, Petitioner must satisfy the two-pronged test set forth in <u>Strickland</u>, 466 U.S. at 688, requiring that he show both deficient performance (counsel's representation fell below an objective

9

standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component). To obtain habeas relief, a counsel's errors must be so great that they adversely affect the defense. To satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The standard created by Strickland is a highly deferential one, requiring a most deferential review of counsel's decisions. Richter, 562 U.S. at 105. Not only is there the "Strickland mandated one layer of deference to the decisions of trial counsel[,]" there is the added layer of deference required by AEDPA: the one to a state court's decision. Nance, 922 F.3d at 1303. Thus,

> Given the double deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011). And, for the reasons we have already discussed, it is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.

<u>Nance</u>, 922 F.3d at 1303.

Petitioner seeks habeas relief based on a claim of ineffective assistance of counsel for failure to move to suppress an incriminating statement made by Petitioner during his arrest. Petition at 5. <u>See</u> Attachment 1 (Doc. 11-1). In its order, the trial court applied the two-pronged <u>Strickland</u> standard of review governing claims of ineffective assistance of counsel. Ex. C1, Order. Petitioner appealed the denial of his post-conviction motion, and the 1st DCA per curiam affirmed. Ex. C5.

The court found Petitioner failed to satisfy the prejudice prong of the two-pronged test. Ex. C1, Order at 2-3. Petitioner is unable to establish the state court decision denying this ground was contrary to or an unreasonable application of federal law. Indeed, the trial court determined that, "even if counsel filed a successful motion to suppress the statements, the outcome of Defendant's trial would remain unaffected." <u>Id</u>. at 2. The court, assuming arguendo Petitioner was detained and interrogated for purposes of <u>Miranda</u>, concluded Petitioner's statement in response to a police officer's question concerning ownership of a phone discovered in the vehicle that was pulled over, was not dispositive of the case. <u>Id</u>. at 3. Indeed, the court found, even if this statement had been suppressed, there would have been sufficient

evidence to find Petitioner guilty of sale or delivery of cocaine. Id. Specifically, the court noted that a police officer testified he observed the transaction and described Petitioner as making an exchange of crack cocaine. Id.

As such, Petitioner has failed to establish prejudice. It is not reasonably likely that, but for counsel's alleged deficient performance, the result of the proceeding would have been different. Stoddard v. Sec'y, Dep't of Corr., 600 F. App'x 696, 709 (11th Cir.) (per curiam) (requiring a substantial likelihood of a different result, not just conceivable), cert. denied, 136 S. Ct. 114 (2015).

Petitioner appealed the denial of his Rule 3.850 motion. Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. Ex. C5. Upon review, the Florida court's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable

determination of the facts.  As such, ground one is due to be denied.

## B.  Ground Two

In his second ground for habeas relief, Petitioner raises a claim of ineffective assistance of trial counsel for failure to object to Detective Torres' testimony constituting "double hearsay and common criminal behavior[,]" in violation of the Fifth, Sixth, and Fourteenth Amendments.  Petition at 7.  <u>See</u> Attachment 2 (Doc. 11-2.  Petitioner exhausted his claim of counsel's failure to object to the admission of evidence amounting to double hearsay and testimony of common criminal behavior by raising his claim in grounds two and seven of his Rule 3.850 motion.  Ex. C1, Rule 3.850 motion at 54-56, 67-70.  The trial court rejected the claim finding any hearsay erroneously elicited and admitted "was cured by counsel's ability to provoke an admission from Torres that the incident report listed [James Randall] Long as the owner of the [phone] number," not [Petitioner]."  Ex. C1, Order at 4. Additionally, the court, once again, found that ownership of the phone was not dispositive of the case as there was eyewitness testimony from Detective Torres that Petitioner and co-defendant Weems made an exchange of crack cocaine; therefore, Petitioner

failed to satisfy the prejudice prong of <u>Strickland</u>. Ex. C1, Order at 4-5.

Petitioner asserts the crux of the state's case rested upon the assumption that co-defendant Weems called Petitioner and Petitioner showed up with drugs. Attachment 2 (Doc. 11-2 at 2). Petitioner submits that had Mr. Long been allowed to testify, the testimony would have proven that Weems spoke to Mr. Long, not Petitioner, and Petitioner was just along for the ride. <u>Id</u>. at 2-3.

The trial court made relevant findings concerning this contention. Initially, the court found Petitioner knowingly waived the opportunity to call Mr. Long as a witness as Mr. Long was present at trial and Petitioner elected not to call him. Ex. C1, Order at 5. Indeed, Petitioner stated on the record he did not want to call Mr. Long.[3] <u>Id</u>.

Petitioner also claimed Detective Torres' testimony of common behavior patterns was highly prejudicial. Petitioner asserts his counsel's performance was deficient for failing to object to this

---

3 Petitioner's defense counsel, Mr. Lance, said, Mr. Long being listed as a witness "was a mistake." Ex. B2 at 137. The court asked Petitioner whether he knew Mr. Long was present, and Petitioner responded in the affirmative. <u>Id</u>. Upon inquiry, Petitioner told the court he did not want to call Mr. Long as a witness. <u>Id</u>.

testimony.  The trial court, in denying this ground, assumed arguendo the performance prong had been satisfied but denied the claim due to Petitioner's failure to satisfy the prejudice prong of Strickland.  Ex. C1, Order at 9.  Of course, a petitioner must satisfy both prongs of the Strickland test to be entitled to relief.  Here, the court found "the overwhelming evidence" against Petitioner meant Petitioner could not prove he was prejudiced by the detectives' testimony about multiple people being involved in drug transactions, common hand-to-hand exchanges of drugs, and "the grip" of the contraband after the exchange.  Ex. C1 at 9. The court provided a brief but thorough rendition of the other evidence against Petitioner, assuming the exclusion of the testimony concerning common criminal behavior and found it to be overwhelming.  Id. at 9-10.  Since Petitioner made an insufficient showing of prejudice, there was no need for the trial court to reach the performance prong.

As previously noted, the trial court referenced the Strickland standard before addressing Petitioner's claims.  The court, assuming arguendo counsel's performance was deficient, found Petitioner failed to satisfy the prejudice prong of Strickland.  Without satisfying the prejudice component, Petitioner cannot prevail on his claim of ineffective assistance

of counsel.  Petitioner appealed the denial of his Rule 3.850 motion.  Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the motion.  Ex. C5.  The state has not attempted to rebut this presumption.  Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.  Upon review, the Florida court's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny.  Moreover, the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.  As such, ground two is due to be denied.

### C.  Ground Three

In ground three, Petitioner raises a claim of ineffective assistance of counsel for failure to call a defense witness, James R. Long, in violation of the Fifth, Sixth, and Fourteenth Amendments.  Petition at 8.  See Attachment 3 (Doc. 11-3). Petitioner raised a comparable claim in the state courts in ground twelve of his Supplemental Motion for Post Conviction Relief.  Ex. C1, Supplemental Motion for Post Conviction Relief (Supplement). He claimed his counsel's failure to call defense witnesses Mr. Long and Darryl L. Weems stripped Petitioner of any ability to

challenge the state's case, leaving the jury with a one-sided view of the interaction at the scene.  Id. at 1.  Of note, Petitioner does not pursue his claim that counsel was ineffective for failure to call Mr. Weems in his federal Petition.

In denying Petitioner's claim, the trial court recognized that at trial, Petitioner told the court he did not want Mr. Long called as a witness, although Mr. Long was present, and defense counsel informed the court he did not want to call Mr. Long.   Ex. C1, Order at 18.  As to Petitioner's claim concerning Mr. Weems, the court found Petitioner was not prejudiced by any failure to call Mr. Weems.  Id.  The court relied on the fact that Mr. Weems, in his criminal case, agreed with the factual basis provided for his plea, admitting he committed the offense, including the actions of contacting Petitioner and paying him for cocaine with money received from undercover Jacksonville Sherriff's Office detectives.  Id.  The court also referenced the fact that, at an evidentiary hearing on a different claim, defense counsel said her notes indicated that calling Mr. Weems would have opened the door to contradictory testimony.[4]  Id.  Thus, the court concluded that had Mr. Weems been called to testify, he would have been so

---

4 Apparently, Mr. Weems altered his story, pled to the offense, and accepted the factual basis for the plea.

severely impeached by the statements given during his plea colloquy, it would have negated any benefit of calling him as a witness. Id. Consequently, the court concluded Petitioner could not show that but for counsel's failure to call Mr. Weems as a witness, Petitioner would have been acquitted at trial. Id. at 18-19.

Respondents contend Petitioner has failed to establish a substantial likelihood that the result of his trial would have been different had counsel called Mr. Long to testify at trial. Response at 40. Petitioner has failed to provide an affidavit or other testimonials of Mr. Long showing the outcome would have changed if he had been called. Estiven v. Sec'y, Dep't of Corr., No. 16-14056-D, 2017 WL 6606915, at *4 (11th Cir. Sept. 28, 2017) (petitioner merely speculated that, had the witness testified, particular testimony would be given, but speculation cannot form the foundation for the claim). Indeed, self-serving speculation will not suffice. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992).

The trial court denied the claim raised in ground twelve of the Supplement, and the 1st DCA affirmed per curiam without an opinion and explanation. Ex. C5. The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Applying

the look through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

The Florida court's decision is not inconsistent with Supreme Court precedent, including <u>Strickland</u>, and the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Accordingly, ground three of the Petition is due to be denied.

Alternatively, the decision as to whether to present witness testimony is a strategic one, left within trial counsel's domain. <u>Claflin v. Sec'y, Dep't of Corr.</u>, No. 6:09-cv-2055-Orl-31KRS, 2011 WL 280940, at *3 (M.D. Fla. Jan. 26, 2011). Counsel is given wide latitude in making tactical decisions, like selecting whom to call as a witness. Obviously, based on counsel's statement during the trial, counsel did not intend to call Mr. Long. Defense counsel advised the court that Mr. Long being listed as a witness was a mistake, and counsel "never intended to call him." Ex. B2 at 137.

The failure to call Mr. Long as a witness was not so patently unreasonable that no competent attorney would have made that decision. Defense counsel told the court he did not want to call

Mr. Long.[5]  Speculation cannot be the foundation of the claim of ineffective assistance of counsel and Petitioner's suppositions will not satisfy the performance prong of <u>Strickland</u>.  Moreover, Petitioner has not shown that the outcome would have changed had Mr. Long been put on the stand and testified, particularly in light of the very strong evidence against Petitioner.  "Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense."  <u>Jordan v. McDonough</u>, No. 606-cv-1446-Orl-19KRS, 2008 WL 89848, at *5 (M.D. Fla. Jan. 7, 2008).  Petitioner has not demonstrated that failure to put Mr. Long on the stand resulted in depriving the defense of its ability to present an outcome-changing defense.  Furthermore, the representation by defense counsel was not so filled with serious errors that defense counsel was not functioning as counsel guaranteed by the Sixth Amendment.  Petitioner is not entitled to relief on ground three of the Petition.

---

5 Petitioner confirmed he too did not want to call Mr. Long.  Ex. B2 at 137.  The trial court certainly gave Petitioner the opportunity to announce his preference as to who he wanted to present as witnesses or whether he wanted any witnesses called. <u>Id</u>.  The court even gave Petitioner one final opportunity to state whether he had any complaints about the trial.  <u>Id</u>. at 144. Petitioner expressed no complaints.  <u>Id</u>.

### D.  Ground Four

In the fourth ground of the Petition, Petitioner raises a claim of ineffective assistance of counsel for failure to advise Petitioner that the state's plea offer had an expiration date, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.  Petition at 10.  See Attachment 4 (Doc. 11-4). Petitioner raised this same claim in ground eleven of his Rule 3.850 motion.  Ex. C1, Rule 3.850 motion at 76-81.  The trial court directed Respondents to respond to this ground.  Ex. C1, Order Directing State Response to Ground Eleven Only at 88-89. The court scheduled an evidentiary hearing.  Ex. C1, Order Granting Defendant an Evidentiary Hearing.  Petitioner moved the court to appoint counsel.  Ex. C1, Motion for Appointment of Counsel.  The court granted Petitioner's request and appointed counsel.  Ex. C1, Order Appointing Counsel for Motion for Post-Conviction Relief.  On February 26, 2016, the court conducted an evidentiary hearing.  Ex. C9.  Mark Jackson, Amanda Kuhn, and Senovia Portis, all attorneys who had represented Petitioner, testified.  Id.  Petitioner testified as well.  Id.

In denying the claim for relief, the trial court succinctly set forth Petitioner's claim:

> In Ground Eleven, Defendant avers counsel
> was ineffective for failing to properly convey

a ten-year plea offer from the State. Defendant alleges that when counsel advised Defendant of the offer, counsel did not advise Defendant the State could seek an HFO sentence and the offer would expire. Defendant contends that based on this misadvise [sic], he rejected the plea offer in hopes the State would make a lower offer. Defendant alleges no other offers were made, and he proceeded to trial. The State then filed a notice of intent to seek an HFO sentence, and Defendant was ultimately sentenced to thirty years as an HFO. Defendant maintains that had he been correctly advised the State could seek an HFO sentence and the plea offer could lapse, he would have accepted the offer.

Ex. C1, Order at 13.

The court assessed the credibility of the witnesses, as it must, and found the trial attorneys' testimony was more credible and persuasive. Id. at 17. The court concluded:

At the hearing, this Court conducted a colloquy with Defendant in which he admitted Ms. Kuhn explained to him he was HFO eligible. Further, Defendant acknowledged he asked Mr. Jackson about his HFO eligibility when Mr. Jackson conveyed the ten-year plea offer because he knew the HFO notice would affect his potential maximum sentence. Notably, Defendant knew he was eligible for an HFO sentence when the ten-year plea offer was conveyed. Unfortunately, according to Defendant, other inmates at the jail told Defendant he could not be habitualized if the State did not file a notice at least six months before trial. That misadvice cannot be attributed to the defense attorneys who represented Defendant. Accordingly, Defendant has failed to show his trial counsels were deficient.

*Id.*

The record shows Mr. Jackson testified Petitioner was in Repeat Offender Court. Ex. C9 at 8. Mr. Jackson's file showed the state made a ten-year plea offer at the initial final pretrial proceeding, and Petitioner rejected the offer. *Id.* at 9-10. Mr. Jackson testified he would have discussed with Petitioner he was facing up to thirty years in prison as a habitual felony offender. *Id.* at 11. Mr. Jackson testified the ten-year offer was as low as the state was likely to go in Repeat Offender Court. *Id.* at 11-12. The maximum Petitioner faced if not found a habitual felony offender was fifteen years. *Id.* at 15. At arraignment or just after arraignment, the state was looking to see if Petitioner was "habitual offender" eligible. *Id.* The habitual felony offender notice was filed the same day as the jury was selected. *Id.* at 21.

Mr. Jackson testified it was his general practice to advise a defendant he should be prepared to get the maximum if he goes to trial, which would be thirty years as a habitual felony offender, as it was the common practice that the state would eventually file the notice. *Id.* at 23, 25. Notably, Petitioner's co-defendant was in non-repeat offender court and pled to a non-repeat offender sentence. *Id.* at 25.

Ms. Kuhn testified no offers were made while she represented Petitioner. Id. at 31. She too testified that offers would be in the double digit range pre-trial for sale of cocaine as a habitual felony offender. Id. at 34. She attested that it was common for the habitual offender notice to either be filed at the final pre-trial or the day of jury selection. Id. Ms. Kuhn testified she typically warned her clients that the habitual offender notice would be coming. Id. at 34-35. She confirmed that the co-defendant, Mr. Weems, was not "habitual offender" eligible and was sentenced to five years imprisonment. Id. at 36.

Ms. Portis testified she would have told Petitioner if he went to trial he would, if found guilty, receive the maximum sentence of thirty years as a habitual offender. Id. at 43. She had noted in her file that Petitioner had already rejected the state's offer of ten years. Id. Ms. Portis testified it was common practice in Judge Haddock's division for the habitual offender notice to be served the morning of jury selection. Id. at 44. Ms. Portis reiterated, she always told her clients who are going to trial, if the client were to lose at trial, the client is going to be given the maximum sentence. Id. at 48 ("I have notes where it says I discussed with him sentencing and reviewed that.").

The record also shows Petitioner testified that jailhouse inmates told him the notice of intent to seek a habitual offender sentence had to be filed six months before trial. Id. at 61. Thus, he assumed the notice was not coming and he was only facing fifteen years in prison. Id. Petitioner said he did not ask Mr. Jackson whether the state could file notice of intent later on. Id. at 64.

The trial court noted Petitioner admitted that Mr. Kuhn had explained to Petitioner he was HFO eligible. Ex. C1, Order at 17. The court also noted Petitioner acknowledged he asked Mr. Jackson about his eligibility when the ten-year offer was conveyed. Id. The court pointed out that Petitioner knew an HFO notice would affect his potential maximum sentence. Id. The court concluded it was Petitioner's reliance on jail-house talk that led him to believe he could not be habitualized if the state did not file a notice of intent at least six months before trial. Id. The court held the misadvice of jailhouse inmates could not be attributed to defense counsel. Id. As such, the court found Petitioner failed to show counsels' performance was deficient. Id.

In failing to satisfy the performance prong of Strickland, Petitioner could not prevail on his claim of ineffective assistance of counsel as the Strickland test requires that a petitioner

satisfy the performance as well as the prejudice prong of the two-part test. Of import, this Court must defer to the state court's findings of fact, 28 U.S.C. § 2254(e)(1), including applying deference to the trial court's credibility determination that resolves conflicting testimony. <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1316 (11th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1047 (1999). Moreover, Petitioner failed to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Based on the credible testimony of the attorneys of the fact Petitioner rejected the ten-year plea offer and the attorneys had apprised Petitioner of the penalty he faced and the likelihood of receiving the maximum habitual offender sentence if he lost at trial, Petitioner's claim is unavailing.

In denying this ground, the trial court determined counsels' representation conformed to prevailing professional norms. The 1st DCA affirmed. Ex. C5. Its decision is not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and nor was it based on an unreasonable determination of the facts. Ground four is due to be denied.

**E.  Ground Five**

In his fifth ground, Petitioner raises a claim of ineffective assistance of counsel for failure to object to multiple instances of prosecutorial misconduct in closing argument, depriving Petitioner of the right to be tried on the facts of the case in violation of the Fifth, Sixth, and Fourteenth Amendments. Petition at 13.  Petitioner raised a comparable claim in ground eight of his Rule 3.850 motion.  Ex. C1, Rule 3.850 motion at 71-72.  He alleged the prosecutor repeatedly made improper statements, arguing "we know the defendant is guilty." Id. at 71. Petitioner avers this type of argument is impermissible because it implies that the prosecutor is privy to other evidence of the defendant's guilt, it conveys a personal opinion and belief in the defendant's guilt, and it improperly bolsters the testimony of the state's witnesses.  Id. at n.7.  Petitioner complained counsel's failure to object left the improper arguments before the jury, effectively undermining the fairness and reliability of the trial. Id. at 72.

The trial court soundly rejected Petitioner's contention and found the "closing arguments were merely an interpretation of the evidence presented at trial."  Ex. C1, Order at 10.  The court further found the state merely adopted "a conversational tone" by

saying "we know." Id. at 11. Finding the comments were not meant to infuse personal beliefs, the court held counsel was not ineffective for failing to object to the comments. Id.

Since the prosecutor's comments in closing were logical inferences based on the testimony and evidence, there was no deficiency in counsel's performance in failing to object to the comments. The trial court rejected Petitioner's claim, and the 1st DCA affirmed. Ex. C5.

Petitioner has not established that the state court decision was contrary to or an unreasonable application of federal law, nor that there was an unreasonable determination of the facts. The 1st DCA affirmed the decision to reject Petitioner's claim for relief. Ex. C5. Pursuant to Wilson, it is assumed the 1st DCA adopted the reasoning of the trial court. Deference under AEDPA is due to the last adjudication on the merits provided by the 1st DCA. As such, ground five is due to be denied.

## F. Ground Six

In ground six, Petitioner claims his trial counsel was ineffective for failure to file a motion to suppress evidence found through an illegal search and seizure due to lack of probable cause, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments. Petition at 15. See Attachment 6 (Doc. 11-6).

Petitioner asserts his procedural default of this claim should be excused under Martinez, 566 U.S. at 17 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). Petition at 15. Petitioner asserts his claim of ineffective assistance of counsel was excusably defaulted because Florida requires ineffective assistance of counsel claims to be presented in a post-conviction proceeding and, in Florida, there is no right to counsel in a post-conviction proceeding. Id.

This contention fails for a number of reasons. Of import, Petitioner was provided counsel for his post-conviction proceeding. The trial court appointed counsel to represent Petitioner upon Petitioner's request for counsel. Ex. C1, Order Appointing Counsel for Motion for Post-Conviction Relief. Not only did counsel represent Petitioner at the evidentiary hearing, counsel moved to supplement the post-conviction motion, and the trial court granted leave to supplement. Ex. C1, Supplemental Motion for Post Conviction Relief; Order Granting Leave to File

Supplemental Motion and Denying Motion to Dismiss Defendant's Supplemental Motion. Post-conviction counsel did not include in the Supplement the claim Petitioner is now attempting to raise.

Since Petitioner had counsel in his post-conviction proceeding, this Court's inquiry is limited to "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Giving a heavy measure of deference to post-conviction counsel's judgments and discounting hindsight, Petitioner has failed to show post-conviction counsel's representation fell below an objective standard of reasonableness. Notably, effective professional advocates winnow out weaker arguments, even if the arguments may have some merit, and elect to pursue more promising claims for relief.

In sum, although Petitioner submits that his procedural default should be excused based on the narrow exception set forth in Martinez, Petitioner has completely failed to show his situation falls within the narrow parameters of the ruling in Martinez. It is important to remember, the narrow exception recognized in Martinez is based on equity, not a constitutional rule. Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 946 (2014) (citing Arthur v. Thomas, 739 F.3d 611, 629 (11th Cir.)), cert. denied,

574 U.S. 821 (2014). Petitioner was appointed counsel, and his appointed post-conviction counsel performed effectively in the post-conviction proceeding, successfully seeking to supplement the post-conviction motion and acceptably representing Petitioner at the evidentiary hearing, performing within the wide range of reasonable professional assistance. Thus, Petitioner has failed to establish cause for his procedural default of this claim of ineffective assistance of trial counsel raised in ground six of the Petition.

Finally, Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of the claim raised in ground six. As such, ground six is due to be denied as procedurally defaulted and barred from this Court's review.

Alternatively, defense counsel was not ineffective for failure to file a motion to suppress. See Response at 50. The record demonstrates the officers had probable cause to arrest Petitioner, either through the vehicle exception and/or the exception for searches incident to an arrest. Officers witnessed an exchange after Mr. Weems called his source and Petitioner showed up in a car, exited the passenger seat of the vehicle, and met with Mr. Weems. The officers observed an exchange between Mr.

Weems and Petitioner, and Mr. Weems came back to the undercover officers with drugs. Mr. Weems had no contact with anyone but Petitioner. Petitioner returned to the passenger seat of the vehicle, and after the takedown signal was given and the vehicle pulled over, the buy money was found in the vehicle. Given this evidence, the officers had probable cause to arrest Petitioner and seize the buy money from the car and the cocaine Mr. Weems handed to an undercover detective. As such, this claim has no merit.

### F.  Ground Seven

In his seventh and final ground, Petitioner raises a claim of ineffective assistance of counsel for failure to object to and preclude direct examination hearsay testimony, in violation of the Fifth, Sixth, and Fourteenth Amendments. Petition at 17. <u>See</u> Attachment 7 (Doc. 11-7). Petitioner complains his trial counsel failed to object to hearsay testimony when Detective Torres testified Mr. Weems told the undercover detective he did not have drugs to sell. Doc. 11-7 at 2. Apparently, Petitioner's contention is that Mr. Weems had "fake drugs" on him, and that is what the officers seized. <u>See</u> Reply, Exhibit 6, Deposition of Darryl Lawrence Weems at 17-21; Exhibit 14, Letter of Darryl Weems to Randy ("I was going to sell them fake dope."). Of some interest, Mr. Weems attested in his deposition that he called Randy

and said he needed $50 worth of cocaine. Reply, Exhibit 6, Deposition at 21.

Even assuming Mr. Weems possessed some "fake drugs" on the date of the offense,[6] he did not provide the undercover detectives "fake drugs" after the hand-to-hand exchange with Petitioner. Trial testimony revealed Mr. Weems handed the officers cocaine. At trial, Katherine Jean Bible, a crime laboratory analyst for the Florida Department of Law Enforcement, testified, as a result of her examinations, her expert opinion was the substance seized by the officers was cocaine. Ex. B2 at 76.

Tellingly, Mr. Weems was not called as a witness by the defense at trial. During the course of the evidentiary hearing on a different claim, defense counsel said her notes indicated that calling Mr. Weems would have opened the door to contradictory testimony.

As for Petitioner's claim of ineffective assistance of counsel, he raised a similar claim in ground four of his Rule 3.850 motion. Ex. C1, Rule 3.850 motion at 57-59. The trial court, in denying this ground, went straight to the prejudice prong, finding Petitioner "cannot show he was prejudiced by the alleged error."

---

[6] The record does not demonstrate Petitioner had fake drugs at the scene or handed fake drugs to any of the undercover officers.

Ex. C1, Order at 7. The court concluded that Petitioner could not show that, but for counsel's failure to object to the state's alleged improper use of hearsay evidence, Petitioner would have been acquitted of the crime. Id. In making its finding, the trial court addressed the extent of the evidence produced at trial demonstrating Petitioner was culpable. Id. This abundant evidence showed Mr. Weems was not the only culpable individual in the case. Id.

Respondents aver that admission of the hearsay statement was harmless. Response at 54. Thus, they submit any failure on counsel's part to object does not amount to ineffective assistance. See Arins v. McNeil, No. 07-60999-Civ-COHN, 2008 WL 2264503, at *9 (S.D. Fla. Mar. 28, 2008) (finding error harmless beyond a reasonable doubt given the overall strength of the prosecution's case, consisting of more than hearsay evidence), report and recommendation adopted by 2008 WL 2264499 (S.D. Fla. June 2, 2008). Like the trial court judge, Respondents reflect on the extensive incriminating evidence presented against Petitioner at trial. Response at 55-56.

The 1st DCA affirmed the decision of the trial court rejecting this claim. Ex. C5. The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Applying the look

through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Thus, the Florida court's decision is not inconsistent with Supreme Court precedent, including <u>Strickland</u>, and the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts. Thus, ground seven is due to be denied.

After considering all of the grounds for relief, the Court finds the state court decision passes AEDPA muster as singularly or cumulatively, the proposed deficient conduct does not meet the two-pronged <u>Strickland</u> standard and the record shows Petitioner was not deprived of a fair trial. Therefore, Petitioner is not entitled to habeas relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. 11) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The **Clerk** shall enter judgment accordingly and close this case.

4.     If Petitioner appeals the denial of his Amended Petition for Writ of Habeas Corpus (Doc. 11), **the Court denies a certificate of appealability**.[7]     Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.     Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of February, 2020.

_____
BRIAN J. DAVIS
United States District Judge

sa 2/21
c:
Christopher John Derting
Counsel of Record

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.